UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TABITHA PEARL RICKS | CIVIL ACTION |
| VERSUS | NO. 18-9767 |
| FRIENDS OF WWOZ, INC. ET AL. | MAG. JUDGE WILKINSON |

### ORDER AND REASONS ON MOTION

Three defendants are named in this lawsuit asserting employment discrimination and retaliation claims based on race, gender and disability. One defendant is an entity known as Friends of WWOZ, Inc. ("Friends"). The two other defendants are individual employees of Friends, Beau Royster and Beth Utterback. Because all parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), Defendants' Rule 12(b)(6) Motion to Dismiss Claims Against Individual Defendants is pending before me. Record Doc. No. 34.

Specifically, the motion seeks an order that "the Complaint . . . and Amended Complaint . . . be dismissed against . . . [individual defendants] Utterback and . . . Royster," apparently in their entirety. Id. at p. 1. Among other things, defendants argue that, as a matter of law, the Title VII, Americans with Disabilities Act ("ADA"), Louisiana Employment Discrimination Law and City of New Orleans Municipal Code claims asserted by plaintiff can be maintained only against plaintiff's actual employer, Friends, and not against the individual defendants. Record Doc. No. 34-1 at pp. 4-5. No argument

concerning plaintiff's Section 1981 cause of action was asserted in the original motion papers.

Plaintiff filed a timely opposition memorandum. Record Doc. No. 48. Defendants filed a reply memorandum. Record Doc. No. 53. In the reply memorandum, defendants addressed plaintiff's Section 1981 claim for the first time. They argue that the same alleged pleading deficiencies identified in their initial motion papers concerning the other claims also support dismissal of plaintiff's Section 1981 cause of action. Record Doc. No. 53 at pp. 6–7. Because defendants addressed plaintiff's Section 1981 claim for the first time in their reply, I provided plaintiff with an opportunity to oppose those arguments in a supplemental memorandum and to address certain ambiguities in her complaint. Record Doc. No. 59. I also required plaintiff to address whether the City of New Orleans Municipal Code provided plaintiff herself with any private right of action under its provisions. Id. Plaintiff filed the supplemental memorandum. Record Doc. No. 60.

Having considered the motion papers, the record as a whole and the applicable law, IT IS ORDERED that this Rule 12(b)(6) motion is DISMISSED AS MOOT IN PART, GRANTED IN PART AND DENIED IN PART as follows.

I.  Defendants' Request for an Order Dismissing the Original Complaint is Moot

As an initial matter, I note that plaintiff's amended complaint supersedes her prior pleadings and constitutes the sole source of her claims for purposes of this motion. "[A]n amended complaint supersedes and replaces an original complaint, unless the amendment specifically refers to or adopts the earlier pleading." McDonald v. McClelland, No.

17-20620, 2019 WL 3057666, at *2 (5th Cir. July 11, 2019)(citing Eubanks v. Parker County Commissioners Court, 44 F.3d 1004, at *2 (5th Cir. 1995)); accord King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." Bodenheimer v. Williams, C.A. No. 14-740, Record Doc. No. 44 at p. 2 (E.D. La. July 23, 2015) (Duval, J.) (quoting Thomas v. Miramar Lakes Homeowners Ass'n, 2014 WL 3897809, at *4–5 (S.D. Tex. Aug. 6, 2014)). Thus, defendant's specific request that the court dismiss the original complaint is DISMISSED AS MOOT.

II.     Rule 12(b)(6) Legal Standard

Although plaintiff's supplemental memorandum sometimes refers to and employs summary judgment standards, it is clear that this particular motion is a pleading motion under Fed. R. 12(b)(6).[1] Defendants move to dismiss all of plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Under this rule, as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when

---

[1] Separate summary judgment motions under Fed. R. Civ. P. 56 are pending, Record Doc. Nos. 28, 29 and 31, and will be separately addressed, not as part of this ruling on the Rule 12(b)(6) motion to dismiss claims against only the individual defendants.

"the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)). "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In the operative pleading, the amended complaint, Record Doc. No. 18, plaintiff asserts ten causes of action. The first cause of action alleges race discrimination and retaliation under 42 U.S.C. § 1981. Id. at pp. 8–9, ¶¶ 60–62. The second and third causes of action allege discrimination and retaliation[2] based on gender, race and color under Title VII. Id. at pp. 9–10, ¶¶ 63–69. The fourth and fifth causes of action allege discrimination and retaliation under the Americans With Disabilities Act ("ADA"). Id. at pp. 10–11, ¶¶ 70–78. The sixth and seventh causes of action allege discrimination and retaliation based on gender, race, color and disability under the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:302 et seq. and § 23:967. Id. at pp. 11–12, ¶¶ 79–86. The eighth, ninth and tenth causes of action allege discrimination, retaliation and aiding and abetting in discrimination and retaliation based on plaintiff's gender, disability, race and color under the City of New Orleans Municipal Code, citing § 86.20 et. seq.

III.  Causes of Action Plaintiff Concedes Should Be Dismissed and/or Voluntarily Dismisses as to Individual Defendants

In response to my order concerning what I perceived to be ambiguities in the amended complaint and her personal right of action asserted under the City of New Orleans Municipal Code, plaintiff stated in her supplemental memorandum that "the Amended Complaint makes clear that Counts two, three, four and five are all solely against the corporate defendant" and that "[t]o further clarify any ambiguity," she voluntarily dismisses

---

[2]Plaintiff's repetition of the term "Discrimination" instead of "Retaliation" in the heading before ¶ 67 is apparently an error, in light of the specific allegation of retaliation in ¶ 69.

counts two, three, four and five, all Title VII and ADA claims, "as to the individual defendants." Record Doc. No. 60 at p. 2. This clarification and concession are consistent with controlling precedent.

The Fifth Circuit has consistently held that there is no individual liability for employees under Title VII. See Smith v. Amedisys Inc., 298 F.3d 434, 448 (5th Cir.2002) (citing Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir.1999)). "While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import respondeat superior liability into Title VII." Id. (citing Indest, 164 F.3d at 262). Title VII applies only to "employers," not to supervisors or other individual employees. "Only 'employers' can be liable under Title VII . . . . The Fifth Circuit has specifically found that '[i]ndividuals are not liable under Title VII in either their individual or official capacities.'" Murungi v. Touro Infirmary, No. 11-1823, 2012 WL 1014811, at *3 (E.D. La. Mar. 21, 2012) (quoting 42 U.S.C.A. § 2000e(a); Ackel v. Nat'l Commc'ns, Inc., 339 F.376, 382 n.1 (5th Cir. 2003)) (citing 42 U.S.C.A. § 2000e(b); Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994); Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002)); accord Muthukumar v. Kiel, 478 F. App'x 156, 158 (5th Cir. 2012); Baldwin v. Layton, 300 F. App'x 321, 323 (5th Cir. 2008).

Similarly, individuals also cannot be held liable under the ADA. The Americans with Disabilities Act provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). Courts in this district have frequently "concluded that the considerations precluding individual liability under Title VII apply with equal force in ADA actions." Mays v. Bd. of Commissioners, No. 14-1014, 2015 WL 1245683, at *5 (E.D. La. Mar. 18, 2015) (Brown, J.)(citing Lefort v. Lafourche Parish Fire Prot. Dist. No. 3, 2014 WL 3893312 (E.D. La. Aug.8, 2014) (Vance, J.); Franklin v. City of Slidell, 936 F.Supp.2d 691, 703 (E.D. La. 2013) (Barbier, J.) ("[T]he ADA definition of 'employer' mirrors the Title VII definition. Although the Fifth Circuit has not directly addressed the question of whether an employer's agent or employee may be held liable under the ADA, this Court recently concluded that in light of (a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit, individuals are not subject to liability under Title I of the ADA. Thus, to the extent that Plaintiff is asserting claims against the Employee Defendants under the ADA, the Court finds that they are not legally cognizable.").

As plaintiff concedes and as a matter of law, Utterback and Royster are not plaintiff's employer, and plaintiff cannot state a claim against them under Title VII or the ADA. Accordingly, defendant's motion is GRANTED IN PART, and plaintiff's claims

against defendants Utterback and Royster under Title VII and the ADA, to whatever extent they were asserted in the second, third, fourth and fifth causes of action, are DISMISSED WITH PREJUDICE.

(B) <u>City of New Orleans Municipal Code Claims</u>

In her supplemental memorandum filed in response to my order questioning <u>sua sponte</u> whether the New Orleans Municipal Code creates a private right of action in favor of plaintiff, Record Doc. No. 59 at p. 2, plaintiff conceded that "the code has not expressly provided for a private right cause of action. As such, Plaintiff voluntarily withdraws Counts Eight, Nine and Ten **as to all parties**." Record Doc. No. 60 at p. 17. This withdrawal and concession are consistent with the literal, unambiguous language of the Code provisions.

The New Orleans Municipal Code restricts plaintiff's right to filing a complaint with the City's Human Rights Commission, after which only the "department of law," not the individual herself, may seek enforcement of that decision. <u>See</u> Sections 86-9 through 86-21, M.C.S., Ord. No. 19,278, § 1, 6-17-99 ("Any person claiming to be aggrieved by an unlawful discriminatory practice or other act prohibited by this chapter may . . . file <u>with the commission</u> a verified complaint . . . At any time after the filing of a complaint alleging an unlawful discriminatory practice under this chapter, if the commission determines that the respondent is doing or procuring to be done any act tending to render ineffectual any order the commission has entered or may thereafter enter in such

proceeding, <u>the commission may authorize the department of law</u> to file a complaint for enforcement of the commission's order. The proceeding for enforcement of a commission order shall be initiated in the Civil District Court of the Parish of Orleans").

Thus, the Code provides a right of action in court to enforce its provisions only to the commission through the City's law department, not to the complainant herself, whose only remedy provided by the Code is to obtain a finding by the commission, not a court judgment. Accordingly, the motion is GRANTED IN PART in accordance with plaintiff's voluntary withdrawal of her claims under the City of New Orleans Municipal Code, which are hereby DISMISSED WITH PREJUDICE.

IV. <u>Louisiana Employment Discrimination Law Claims</u>

Although plaintiff has not conceded that her discrimination and retaliation claims against Utterback and Royster asserted under the Louisiana Employment Discrimination Law in her sixth and seventh causes of action should be dismissed, it is clear that the individual defendants' motion must be granted for the same reasons discussed above in connection with her Title VII and ADA claims.

It is "well established that 'Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers.'" <u>Postell v. Lane</u>, No. 12-00527-BAJ, 2014 WL 4925665, at *4 (M.D. La. Sept. 30, 2014) (quoting <u>Mitchell v. Tracer Constr. Co.</u>, 256 F. Supp. 2d 520, 525 (M.D. La. 2003)) (citing La. Rev. Stat. 23:303(A); <u>Johnson v. Acosta</u>, No. 10-1756, 2010 WL 4025883, at *6 (E.D. La. Oct. 12,

2010)); accord Aronzon v. Sw. Airlines, No. 03-394, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004) (citing La. Rev. Stat. §§ 23:302(2), 23:312, 23:323, 23:332; Johnson v. Integrated Health Servs., Inc., No. 01-2075, 2002 WL 31246762, at *2 (E.D. La. Oct. 2, 2002); Hammond v. Med. Arts Group, Inc., 574 So. 2d 521, 523 (La. App. 3d Cir. 1991)).

The Louisiana statute does not provide a cause of action against a co-employee or a supervisor. Instead, its provisions apply only to "employers" as defined in Chapter 23. See La. Rev. Stat. §§ 23:312,:323,:332. Under Louisiana law, '[e]mployer' means a person, association, legal or commercial entity, the state, or any state agency, board commission, or political subdivision of the state <u>receiving services from an employee and, in return, giving compensation of any kind to an employee</u>. La. Rev. Stat. § 23:302(2) (emphasis added). Based on the clear language of the statute, the analogous federal law cited above and state case law, the Louisiana employment discrimination laws do not expose co-employees or supervisors to liability. See, e.g., Johnson v. Integrated Health Servs., Inc., No. Civ. A. 01-2075, 2002 WL 31246762 (E.D. La. 2002) ("Nor is [defendant] liable under the Louisiana anti-discrimination statute . . . which also exposes to liability 'employers,' but not individual employees."); Hammond v. Medical Arts Group, Inc., 574 So. 2d 521 (La. Ct. App. 1991). Aronzon v. Sw. Airlines, No. 03-394, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004); accord Hilliard v. Parish, 991 F. Supp. 2d 769, 777-78 (E.D. La. Jan. 8, 2014). "Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers." Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 525 (M.D. La. 2003) (Parker, J.) (citing La. Rev. Stat. § 23:301 et seq.).

Like plaintiff's claims under Title VII and the ADA, I find that plaintiff cannot state a claim against the individual defendants in this case under the Louisiana Employment Discrimination law because they are not her "employer" for purposes of the statute. Accordingly, defendants' motion is GRANTED IN PART, in that the claims asserted against individual defendants Utterback and Royster in plaintiff's sixth and seventh causes of action are hereby DISMISSED WITH PREJUDICE.

VI.  Section 1981 Claim Against Individual Defendants

In her first cause of action under 42 U.S.C. § 1981, plaintiff alleges that she is "a member of the Black and/or African-American race [who] was discriminated against by Defendants because of her race . . . and . . . also claims unlawful retaliation . . . for her opposition to Defendants' unlawful employment practices." Record Doc. No. 18 at p. 9, ¶ 62.

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute [e.g., enforcement of a contract]," including an employment contract. Felton v. Polles, 315 F.3d 370, 483 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (citing Green v. State Bar of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994). The courts recognize Section 1981 claims alleging racial discrimination and retaliation

in the employment contract context, including such claims asserted against individuals. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 373 (2004) (racially hostile work environment); Felton, 315 F.3d at 483 (racial harassment); Foley v. University of Houston System, 355 F.3d 333, 339 (5th Cir. 2003)(retaliation).

To state a retaliation claim under Section 1981, a plaintiff must allege that (1) the plaintiff engaged in protected activities; (2) an adverse employment action, which is an ultimate employment decision, such as hiring granting leave, discharging, promoting, and compensating, followed; and (3) a causal connection between the two. Foley, 355 F.3d at 339; see White, 548 U.S. 126 (2006)(defining "adverse employment action").

However, the question of whether and under what circumstances race discrimination and retaliation claims in employment cases may be asserted against individuals like Utterback and Royster has been subject to much discussion in Fifth Circuit precedent. In Miller v. Wachovia Bank, N.A., 541 F.Supp. 2d 858, 861–66 (N.D. Tex. 2008), the much-respected Chief Judge Fitzwater of the United States District Court for the Northern District of Texas thoroughly analyzed Fifth Circuit case law on this issue and synthesized comprehensive standards, which I apply here.

In Miller, Chief Judge Fitzwater succinctly summarized the Foley, Felton, Faraca v. Clements, 506 F.2d 956 (5th Cir. 1975) and other decisions as follows:

> . . . while the scope of non-employer liability under § 1981 remains unsettled in the Fifth Circuit, some relevant principles have been established. An employee who exercises <u>control over the plaintiff with respect to an employment decision</u> may be individually liable if the

> employee was "essentially the same" as the employer in exercising this authority. Although the defendants in Foley were technically coworkers of the plaintiffs, they <u>exercised managerial authority over the plaintiffs</u> in voting to deny one of the plaintiffs a promotion and voting to oust the other as department chair, the very acts that formed the basis of the plaintiffs' § 1981 claims. Another principle gleaned from Felton is that a supervisor employee who was <u>personally involved in racial harassment</u> is not liable to the plaintiff under § 1981 unless the supervisor was "<u>essentially the same</u>" as the employer in the harassing conduct.
>
> Thus recognizing a claim under § 1981 against a non-supervisor employee who has never exercised managerial authority over the plaintiff would not find clear support in current Fifth Circuit law. Based on the Fifth Circuit's attempt to restrict the reach of § 1981 non-employer liability after Faraca, and the decisions of courts outside this circuit discussed below, the court declines [plaintiff's] invitation to expand the scope of § 1981 liability to encompass claims against mere coworkers.

Miller, 541 F.Supp. 2d at 863 (internal citations omitted)(emphasis added). The Miller court then found that "[t]he weight of authority outside this circuit indicates that § 1981 does not permit a claim against a non-supervisor coworker." Miller, 541 F.Supp. 2d at 863–65.

Applying the Iqbal/Twombly standards to the essential elements of plaintiff's Section 1981 claim outlined above, the instant motion presents a close question. Plaintiff's specific allegations concerning racial discrimination, hostility and retaliation are predominately made against a third-party co-employee identified as Marcel McGee, a "Black, African-American male." Record Doc. No. 18 at p. 2, ¶ 8. Although the amended complaint repeatedly refers to him as "Defendant McGee," see, e.g. id. at pp. 2–5, ¶¶ 10, 20–33, he is **not** a defendant, perhaps in recognition of the obvious problem

- 13 -

with alleging and proving racial discrimination against another African-American. McGee's name was not included as a defendant in the caption of the amended complaint. Plaintiff never requested issuance of a summons as to him, and he has never been served. Record Doc. Nos. 3-5, 7-9. Nevertheless – and exclusively as a pleading matter under Rule 12(b)(6) and considering the amended complaint as a whole – I find that the amended complaint is barely sufficient in its other allegations <u>not</u> directly addressed at McGee to state a Section 1981 claim against Utterback and Royster.

Both Utterback and Royster are alleged to have exercised "supervisory authority over Plaintiff." Record Doc. No. 18 at pp. 2–3, ¶¶ 13, 16. The amended complaint identifies Utterback as "Defendant WWOZ's General Manager," and Royster as its "Human Resources Representative."[3] Id. at ¶¶ 12, 15. As executives occupying these positions, it is plausible that they exercised managerial authority and control over employment decisions concerning plaintiff. One of those employment decisions alleged in the complaint is that Defendant<u>s</u> "failed to place into effect Plaintiff's raise as previously promised to her by . . . McGee," an allegation indicating just such managerial authority. Id. at p. 5, ¶ 32. Thus, the allegations in the amended complaint are sufficient to state a claim that Royster and Utterback were the kind of supervisors, <u>not</u> mere co-workers, against whom a Section 1981 claim may be asserted.

---

[3] Subsequent submissions identify Royster as Friends' Chief Financial Officer, another managerial position. Record Doc. Nos. 31-2 at p. 8; 50-8 at p. 5.

As to the substantive essential elements of a Section 1981, I conclude that, read as a whole and in overall context, the factual allegations contained in the amended complaint about defendants' alleged handling and comments about her discrimination complaints, their alleged "threats" and actions in response to the complaints, including "degrading comments," coupled with her assertion that "Defendant**s** made conditions so onerous, abusive, and intolerable for Plaintiff" that her "choice to resign" was constructive discharge," id. at pp. 5–7, ¶¶ 32–52 (emphasis added), are sufficient for pleading purposes to state a plausible Section 1981 claim. Whether this sole remaining claim contained in this minimally sufficient pleading against the individual defendants survives for trial will be addressed on the different evidentiary standard that applies to the separately filed motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the motion is DISMISSED AS MOOT insofar as it relates to the original complaint. It is GRANTED IN PART as to all claims against the individual defendants, Utterback and Royster, except that it is DENIED IN PART as to the Section 1981 claim asserted against them in plaintiff's first cause of action. The claims against Utterback and Royster asserted in plaintiff's second through tenth causes of action inclusive are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that, as stated by plaintiff in her most recently filed supplemental memorandum, all claims asserted in counts eight, nine and ten of the

amended complaint under the City of New Orleans Municipal Code against **all** defendants, including defendant Friends of WWOZ, Inc., are hereby DISMISSED WITH PREJUDICE. Fed. R. Civ. P. 41(a)(2).

New Orleans, Louisiana, this <u>15th</u> day of August, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE